## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHANNON COYLE, Individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0092-CVE-SAJ |
| ) | |
| **TRAVIS LUDWIG, Individually, and in** ) | |
| **his Official Capacity, and ISRAEL** ) | |
| **RODRIGUEZ, Individually, and in his** ) | |
| **Official Capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On February 14, 2006, plaintiff filed suit against police officer Travis Ludwig, individually and in his official capacity, and police officer Israel Rodriguez, individually and in his official capacity, alleging violations of his constitutional rights under 42 U.S.C. § 1983 (Dkt. # 1). By suing defendants in their official capacities under section 1983, plaintiff attempts to file a municipal liability claim against the City of Tulsa, Oklahoma. Watson v. City of Kansas City, Kan., 857 F.2d 690, 695 (10th Cir. 1988) ("[A section 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.") (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985)). On March 27, 2006, Ludwig and Rodriguez filed answers as to their individual capacities (Dkt. ## 11, 12). Now before the Court is plaintiff's Motion for Entry of Default by Clerk (Dkt. # 14) against Ludwig and Rodriguez in their official capacities.

Plaintiff has not yet sued and served the municipality itself or an official with final policymaking authority with respect to the police officers' allegedly unconstitutional conduct. "[A] municipality cannot be liable under § 1983 for acts of a municipal official in his official capacity 'unless that official possesses final policymaking authority to establish municipal policy with respect to acts in question.'" Jantzen v. Hawkins, 188 F.3d 1247, 1259 (10th Cir. 1999) (quoting Houston

v. Reich, 932 F.2d 883, 887 (10th Cir. 1991)).  Defendants are employees of the City of Tulsa Police Department.  There is no evidence that either defendant possesses final policymaking authority to establish municipal action.  See Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986) ("The official must [] be responsible for establishing final government policy respecting such activity before the municipality can be held liable."); Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory.").  Unless plaintiff wishes to properly add the City of Tulsa as a party, this action against the police officers in their official capacities may be dismissed.  Plaintiff has **20 days** to determine how he wishes to proceed.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Entry of Default by Clerk (Dkt. # 14) is **denied**.

**DATED** this 5th day of April, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT