UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANNON COYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CV-0092-CVE-SAJ |
| | ) |
| TRAVIS LUDWIG, Individually, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on the Report and Recommendation (Dkt. # 88) of the United States Magistrate Judge with respect to Defendant Rodriguez's Application for Indemnification Against Defendant City of Tulsa (Dkt. # 74). The City of Tulsa ("City") filed a timely objection (Dkt. # 92, Dkt. # 93 (Errata)) pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Accordingly, the Court has conducted a de novo review of the issues.

**I.**

On February 14, 2006, plaintiff Shannon Coyle ("Coyle") filed a Complaint (Dkt. # 2) against Travis Ludwig ("Ludwig"), Israel Rodriguez ("Rodriguez"), and the City alleging violation of his constitutional rights. Rodriguez submitted a request for legal representation to the City, but the City decided to deny legal counsel for Rodriguez. Thereafter, Rodriguez made application for legal representation to the Fraternal Order of Police Legal Defense Plan ("Plan"). The Plan approved Rodriguez's request for legal representation.

On March 27, 2007, Rodriguez filed an answer to the complaint. See Dkt. # 12. He filed a motion for summary judgment (Dkt. # 40) on August 3, 2007, alleging that plaintiff filed to establish any violations of his constitutional rights and that Rodriguez was entitled to qualified immunity. However, prior to the Court ruling on that motion, the parties filed a stipulation of dismissal, see Dkt. # 58, dismissing all claims against Rodriguez. Rodriguez now seeks indemnification from the City pursuant to the Governmental Tort Claims Act ("GTCA"), OKLA. STAT. tit. 51 § 151, et seq. See DKt. # 74.

**II.**

According to OKLA. STAT. tit. 51, § 162(A)(1), a political subdivision shall provide a defense for any employee "when liability is sought for any violation of property rights or any rights, privileges, or immunities secured by the Constitution or laws of the United States when alleged to have been committed by the employee while acting within the scope of employment." OKLA. STAT. tit. 51, § 162(B)(3) prohibits indemnification when recovery is under a right of subrogation: "All applications for indemnification from the state or a political subdivision shall be filed in the name of the real party of parties in interest, and in no event shall any application be presented nor recovery made under the right of subrogation."

Also, for an employee to recover indemnification from a political subdivision, the Court must determine "by a preponderance of the evidence" that:

> a. the employee reasonably cooperated in good faith in the defense of the action upon which the judgment or settlement was awarded and for which indemnification is sought;
> b. the actions or omissions upon which such a judgment or settlement has been rendered were not the result of fraudulent conduct or corruption by the employee;
> c. the employee, in committing the acts or omissions upon which a judgment or settlement has been rendered was acting in good faith and within any applicable

> written administrative policies known to the employee at the time of the omissions or acts alleged;
> d. the employee was acting within the scope of employment at the time that the acts or omissions upon which a judgment or settlement has been rendered were committed by the employee;
> e. the acts or omissions of the employee upon which a judgment or settlement has been rendered were not motivated by invidious discriminatory animus directed toward race, sex, or national origin; and
> f. when punitive or exemplary damages are included in the total award rendered against the employee of a political subdivision, the indemnification amount sought for fees and costs does not include amounts attributable to the employee's defense against the punitive or exemplary damages in accordance with subsection D of this section.

OKLA. STAT. tit. 51, § 162(B)(4). "Actions to determine entitlement to indemnification shall be tried to the court, sitting without a jury." OKLA. STAT. tit. 51, § 162(B)(1).

In the Report and Recommendation, the Magistrate Judge addressed two primary issues: (1) whether the City was required to indemnify Rodriguez pursuant to OKLA. STAT. tit. 51, § 162(B) given that Rodriguez received money for his legal representation from the Plan; and (2) whether the City was entitled to an evidentiary hearing to show that Rodriguez was not acting within the scope of his employment. The Magistrate Judge concluded that Rodriguez's application for indemnification was not an attempt to recover under a right of subrogation; thus, the Magistrate Judge determined that indemnification was not prohibited by OKLA. STAT. tit. 51, § 162(B)(3). Further, the Magistrate Judge concluded that the City was not entitled to an evidentiary hearing to show that Rodriguez was not acting in the scope of his employment. According to the Report and Recommendation, "[t]he specific allegations against Rodriguez, combined with his later stipulated dismissal from the case, indicate that he was acting within the scope of his employment, as defined by the GTCA. The City has not demonstrated that Rodriguez was acting in bad faith or with malicious intent." Dkt. # 88, at 8.

3

In this Opinion and Order, the Court does not address the first issue concerning subrogation; the Court focuses on the Magistrate Judge's determination that the City was not entitled to an evidentiary hearing. For the reasons set forth below, the Court disagrees with the Magistrate Judge's determination that an evidentiary hearing is unnecessary.

In the Report and Recommendation, the Magistrate Judge stated:

> Response would have been due on August 21. No extension of time to respond was sought and no response was filed to the motion for summary judgment. Instead, Rodriguez was dismissed with prejudice by stipulation of the parties on October 16. There is nothing in the record to counter the affidavits and exhibits submitted by Rodriguez in support of his motion for summary judgment and the facts for which they were offered are deemed confessed.

Dkt. # 88, at 3. However, plaintiff Shannon Coyle <u>did</u> move for an extension of time to respond to both Rodriguez and Ludwig's motions for summary judgment. <u>See</u> Dkt. # 43. That motion for an extension of time was referred to the Magistrate Judge, <u>see</u> Dkt. # 45, and was granted. <u>See</u> Dkt. # 55. The Magistrate Judge granted an extension until October 16, 2006. <u>Id.</u> However, the parties stipulated to Rodriguez's dismissal with prejudice on October 16, 2006, <u>see</u> Dkt. # 58; therefore, no response to Rodriguez's motion for summary judgment was filed. Further, regardless of whether Coyle submitted a response to Rodriguez's motion for summary judgment, the fact remains that the City has not been afforded the opportunity to counter Rodriguez's assertion that he has met the statutory requirements of OKLA. STAT. tit. 51, § 162(B)(3).

The Court also finds that the case <u>Lampkin v. Little</u>, 286 F.3d 1206 (10th Cir. 2002), is controlling on the issue of whether the City is entitled to an evidentiary hearing. There, the district court denied the police officer's application for indemnification after a jury returned a verdict against the officers in a § 1983 action for use of excessive force. The Tenth Circuit reversed on the ground that the district court had not properly determined whether the officer had acted in good faith

4

and within the scope of his employment.  First, the court held that the district court erred in relying on jury findings when the GTCA requires that the elements of good faith and scope of employment "shall be tried to the court sitting without a jury."  OKLA. STAT. tit. 51, § 162(B)(1).  Second, the court stated that the jury's determination that the police officer used excessive force did not require a finding of bad faith.  Lampkin, 286 F.3d at 1211.  Whereas excessive force requires an inquiry into the objective reasonableness of an official's actions, bad faith requires an inquiry into the official's state of mind.  Id.  Also, the qualified immunity inquiry was not coterminous with the question of good faith.  Id. at 1212.  Therefore, the Tenth Circuit concluded that the district court "improperly equated objective findings of excessive force and qualified immunity with the subjective finding of bad faith."  Id.  The district court should have made an "independent determination" whether the employee acted in good faith.  Id.

With respect to the scope of employment element, the Tenth Circuit also found that the district court improperly relied on the excessive force and qualified immunity findings.  The district court erred in basing its finding on the county's adoption of the undisputed facts, arguments, and authorities in the police officer's brief supporting his motion for summary judgement.  The court explained:

> The primary issue in the summary judgment motions was whether Little was acting in an objectively reasonable manner that entitled him to qualified immunity, not whether he had acted in good faith. Moreover, "scope of employment" carries a specific meaning under the GTCA. We therefore find the County's position in its summary judgment motion insufficient to compel the conclusion that Little was acting within the scope of his employment.

Id. at 1214 (emphasis added).  Therefore, the Tenth Circuit remanded the action to the district court to make "the factual determinations regarding good faith and the scope of employment that the GTCA requires."  Id.

Based on the Tenth Circuit reasoning in Lampkin, the Court finds that, here, the Magistrate Judge erred in relying on evidence in the summary judgment record where the issues of good faith and scope of employment (as they relate to indemnification) are distinct from the issue of qualified immunity and other issues raised in the motion for summary judgment. Consistent with OKLA. STAT. tit. 51, § 162(b)(1), the Magistrate Judge should hold an evidentiary hearing to determine (without a jury) by a preponderance of the evidence that the statutory requirements of § 162(B)(3) have been met.[1] Therefore, the Report and Recommendation (Dkt. # 88) is vacated, and the City's objection (Dkt. ## 92, 93) is granted in part.

The Court emphasizes that it has not addressed the subrogation issue in this Opinion and Order. Thus, in re-hearing Defendant Rodriguez's Application for Indemnification Against Defendant City of Tulsa (Dkt. # 74), the Magistrate Judge may revisit that issue. Further, the Court expresses no opinion of whether Rodriguez has met the statutory requirements of OKLA. STAT. tit. 51, § 162(b)(3). Finally, the Court notes that the application for indemnification is akin to a motion for attorney fees. Under Tenth Circuit law, a motion for attorney fees is a dispositive matter triggering the procedures and standard of review of 28 U.S.C. § 636(b)(1)(B). See Ins. Co. of N. Am. v. Bath, 968 F.2d 20 (10th Cir. 1992). Thus, in conducting the evidentiary hearing, the Magistrate Judge should submit to this Court recommended findings of fact and conclusions of law for the disposition of Rodriguez's application for indemnification.

---

[1] The Court notes that the Magistrate Judge has already scheduled an evidentiary hearing for August 20, 2007 to address Ludwig's application for indemnification. See Dkt. # 112.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 88) is **vacated**; the City's objection (Dkt. ## 92, 93) is **granted in part**; and Defendant Rodriguez's Application for Indemnification Against Defendant City of Tulsa (Dkt. # 74) is hereby **recommitted** to the Magistrate Judge to conduct an evidentiary hearing consistent with this Opinion and Order.

**DATED** this 27th day of July, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT